UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



CALLA BREWSTER,

    Plaintiff,

v.

KARI WILFERTH, et al.,

    Defendants.

16-CV-853
DECISION AND ORDER

On October 21, 2016, the *pro se* plaintiff, Calla Brewster, filed a complaint asserting claims under 42 U.S.C. § 1983 on behalf of herself and her children, T.B. and D.G. Docket Item 1. She also moved to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because she cannot afford it) and asked this Court to appoint counsel for her. Docket Items 2, 3, 6 and 7. On October 24, 2019, this Court granted Brewster's motion to proceed *in forma pauperis*, denied her motions to appoint counsel, and granted her permission to amend her complaint because her claims were insufficiently pled. Docket Item 8. On December 6, 2019, Brewster filed an amended complaint only on her own behalf and moved for a preliminary injunction in relation to her claims. Docket Item 9.

I. **SCREENING**

28 U.S.C. section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient [*pro se*] claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Dismissal is not appropriate under section 1915(e)(2), however, if the plaintiff has made "colorable claim[s]." *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is

a draconian device which is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (citations omitted)); see also Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure Rule 12(b)(6) may still be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (alteration in original) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To state a valid claim under section 1983, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. Cty. of Fulton, 126 F.3d 400, 405 (2d Cir. 1997) (citation omitted).

### A. Defendants Reed, Doran, Fegley, Grant, Jensen, Sorgen, Northrup, Williams, Odin, and Catholic Charities of the Fingerlakes

Brewster lists Kari Wilferth, Fred Reed, Craig Doran, Patrick Fegley, Matt Grant, Charlene Jensen, Tiffany Sorgen, Karen Northrup, Christine Williams, Alice Odin, and Catholic Charities of the Fingerlakes as defendants in the caption of the complaint. But she fails to allege in the body of the complaint that any of these defendants—with the

2

exception of Wilferth—committed specific acts giving rise to a constitutional claim. Consequently, Brewster has failed to state a claim upon which relief may be granted against any defendant except Wilferth. See *Harris v. Snyder*, 2007 WL 495312, *2 (D. Del. Feb. 12, 2007) ("[T]here are no allegations in the complaint that set forth any acts or omissions by [the defendant] that deprived [the plaintiff] of a federal right. Consequently, the complaint fails to state a claim upon which relief may be granted."). For that reason and because this Court already has provided Brewster with an opportunity to amend her complaint to "include[ ], in sufficient detail, each defendant's involvement with and responsibility for her injuries," see Docket Item 8 at 4, the amended complaint is dismissed as against defendants Reed, Doran, Fegley, Grant, Jensen, Sorgen, Northrup, Williams, Odin, and Catholic Charities of the Fingerlakes.

### B. Defendant Wilferth

With respect to defendant Wilferth, Brewster alleges that Wilferth, a caseworker with the Ontario County Department of Social Services, "attacked [her] inside [her] home, then raided the home, abused [her], and stalked [her] for several years and continues to do so today." Docket Item 9 at 6. The Court construes these allegations as claiming that Wilferth violated Brewster's Fourth and Fourteenth Amendment rights and committed the New York torts of assault and battery.

#### 1. Fourth Amendment Search Claims

The Fourth Amendment offers protection from only unreasonable searches and seizures. See U.S. Const. amend. IV; *United States v. Elliott*, 50 F.3d 180, 185 (2d Cir.1995). "[A]ll agencies of government are governed by the unreasonable searches and seizures provision of the Fourth Amendment." *Tenenbaum v. Williams*, 193 F.3d

3

581, 603 (2d Cir. 1999). Unreasonableness is gauged in part by the degree of expectation of privacy and the intrusiveness of the search. *See, e.g., United States v. Lovelock*, 170 F.3d 339, 345 (2d Cir.1999) (noting reduced privacy expectations, for example, in situations where a person occupies the premises jointly with another); *Anobile v Pelligrino*, 303 F.3d 107, 119-20 (2d Cir 2002) (adding that "[p]rivacy expectations are high in homes, or even private rooms").

Because Brewster has not alleged that Wilferth lacked legal authority to enter her home, she has failed to state a claim for an unconstitutional search. Accordingly, this claim is dismissed.

### C. Fourteenth Amendment Excessive Force and New York Assault and Battery Claims

"[O]utside the context of an arrest, a plaintiff may make claims of excessive force under [section] 1983 under the Due Process Clause of the Fourteenth Amendment." *Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998); *see also Tierney v. Davidson*, 133 F.3d 189, 199 (2d Cir. 1998) (same). Courts apply "a four-part test . . . to determine whether the force is excessive under the Fourteenth Amendment, *i.e.*, whether it shocks the conscience":

> [1] the need for the application of force, [2] the relationship between the need and the amount of force that was used, [3] the extent of injury inflicted, and [4] whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Tierney*, 133 F.3d at 199 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (brackets in original)). "If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe." *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987).

4

Under New York law, "[a]n 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact. A 'battery' is an intentional wrongful physical contact with another person without consent." *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993) (collecting authorities).

Here, Brewster alleges that defendant Wilferth "attacked [her] insider [her] home, then raided the home, abused [her], and stalked [her] for several years and continues to do so today." Docket Item 9 at 6. Taking Brewster's allegation as true, she has adequately alleged that Wilferth violated her Fourteenth Amendment rights by using excessive force against her. She similarly has adequately claimed that Wilferth assaulted and battered her. Wilferth may, of course, ultimately raise defenses to the claims, including "good faith" reasons justifying any use of force. But at this early stage, these claims may proceed.

## II. REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF

Brewster also asks this Court to order preliminary injunctive relief. Docket Item at 9 at 1, 6. "A preliminary injunction is an equitable remedy and an act of discretion by the court." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015). "A party seeking a preliminary injunction must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Id.* (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). When the moving party is unable to demonstrate a likelihood of success on the merits, a court still may issue a preliminary injunction if the moving party shows "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping

5

decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

Here, Brewster has not shown that she is likely to succeed on the merits of her claims. Moreover, although she raises colorable claims against Wilferth, her bare allegations neither raise "sufficiently serious questions" nor show that the "balance of hardships tip[s] decidedly" in her favor. *See Citigroup Glob. Mkts., Inc.*, 598 F.3d at 35. Therefore, Brewster's request for preliminary injunctive relief is denied.

## ORDER

IT IS HEREBY ORDERED that Brewster's claims against defendants Reed, Doran, Fegley, Grant, Jensen, Sorgen, Northrup, Williams, Odin, and Catholic Charities of the Fingerlakes are dismissed, and the Clerk of Court shall terminate them as defendants to this action; and it is further

ORDERED that Brewster's request for preliminary injunctive relief is denied; and it is further

ORDERED that that the Clerk of Court shall forward a copy of this order and the amended complaint to the Ontario County Attorney at the Municipal Building, 20 Ontario Street, 3rd Floor, Canandaigua, NY 14424; and it is further

ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, amended complaint, and this order upon defendant Wilferth without Brewster's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor.

SO ORDERED.

Dated: December 31, 2019
Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE