UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CALLA BREWSTER,

                           **Plaintiff**

v.

                                                                                   16-CV-853V(Sr)

THOMAS BREWSTER, et al.,

                           **Defendants**

_____

## REPORT, RECOMMENDATION & ORDER

        Plaintiff commenced this action on October 21, 2016, *pro se*, pursuant to 42 U.S.C. § 1983, alleging that she suffered discriminatory treatment and physical and mental abuse as a result of the negligence of the Ontario County Department of Social Services and various individual defendants. Dkt. #1. By Order entered October 24, 2019, her complaint was dismissed without prejudice to filing an amended complaint alleging facts in support of each defendant's responsibility for her injuries and demonstrating a municipal policy or custom that caused her injuries. Dkt. #8.

        Plaintiff filed an amended complaint on December 6, 2019. Dkt. #9. By Order entered December 31, 2019, plaintiff's amended complaint was permitted to proceed against Kari Wilferth, a caseworker with the Ontario County Department of Social Services based upon allegations that defendant attacked plaintiff inside her home, raided plaintiff's home and abused and stalked plaintiff. Dkt. #9, p.6 & Dkt. #10, p.3. Plaintiff seeks a permanent injunction releasing her child from DSS custody and ordering caseworkers to stay away. Dkt. #9, p.6.

Defendant, Kari Wilferth, filed an Answer on February 14, 2020. Dkt. #12.

On February 17, 2020, the case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #14.

The Court issued an Order directing the parties to meet and confer regarding dates for a Case Management Order and subsequently issued a Text Order directing the parties to comply with that Order. Dkt. ##15 & 16.

The Case Management Order directed the parties to comply with mandatory disclosure in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than August 31, 2020. Dkt. #17, ¶ 3. Defense counsel affirms that although defendant has complied with this obligation, plaintiff has not provided any initial discovery. Dkt. #19-2, ¶¶ 5-6.

The Case Management Order also directed the parties to select a mediator no later than August 28, 2020 and participate in an initial mediation session no later than October 2, 2020. Dkt. #17, ¶¶ 4 & 6.

By letter to plaintiff dated August 27, 2020, defense counsel noted that he had been unable to discuss the selection of a mediator with plaintiff and requested that she stipulate to one of three mediators proposed by defendant. Dkt. #19-2, p.7.

By letter to plaintiff dated September 21, 2020, defense counsel requested plaintiff confer with him regarding selection of a mediator. Dkt. #19-2, p.9.

By Order entered November 10, 2020, the Court noted that the parties had failed to select a mediator as directed by the Case Management Order and designated a mediator. Dkt. #18.

Defense counsel affirms that plaintiff was unresponsive to written correspondence and repeated telephone calls to select a mediator and identify a date and time for the initial mediation session. Dkt. #19-2, ¶ ¶8 & 10. The mediator has also attempted to contact plaintiff, without success. Dkt. #19-2, ¶ 11. Defense counsel affirms that mail addressed to plaintiff has not been returned by the United States Postal Service. Dkt. #19-2, ¶ 13.

Defendant filed a motion to dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. #19.

By Text Order entered February 8, 2021, the Court warned plaintiff that her failure to respond to the motion to dismiss could result in dismissal of this action for failure to prosecute. Dkt. #20. Plaintiff has not responded to the Court's Text Order, which was mailed to plaintiff at the address provided by plaintiff and was not returned to the Court by the United States Postal Service.

> Rule 41(b) of the Federal Rules of Civil Procedure provides that:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).   "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."  *Id.* (internal quotation omitted).

        Specifically, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider:  (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.  *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.

-5-

This action has been pending for more than four years but plaintiff has yet to provide even initial disclosure as to the factual basis of her claim. Dkt. #1. Plaintiff was clearly warned of her obligation to meet and confer with opposing counsel regarding a Case Management Order and to provide initial disclosures and select a mediator as set forth in the Case Management Order, but has failed to meet any of those obligations or to otherwise move her case forward. Dkt. ##15-17. She was also explicitly warned that her failure to respond to the motion to dismiss could result in dismissal of her case for failure to prosecute. Dkt. #20. The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases. Weighing the history of this case, and claimant's inaction, against the need to expedite cases, this Court finds that it has provided sufficient opportunity for claimant to prosecute her claim. Because plaintiff has chosen not to do so, any sanction other than dismissal would be futile. Accordingly, this Court recommends that plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   Buffalo, New York
April 8, 2021

                                       <u>*s/ H. Kenneth Schroeder, Jr.*</u>
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**