UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CALLA BREWSTER,

        Plaintiff,

    v.                                                   16-CV-853-LJV-HKS
                                                            DECISION & ORDER

KARI WILFERTH, *Caseworker*,

        Defendant.

---

On October 21, 2016, the *pro se* plaintiff, Calla Brewster, commenced this action under 42 U.S.C. § 1983. Docket Item 1. On February 17, 2020, the case was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).[1] Docket Item 14. Almost a year later, on February 5, 2021, the defendant moved to dismiss for lack of prosecution. Docket Item 19. On February 8, 2021, Judge Schroeder set a briefing schedule for that motion: Brewster's response was due on March 12, 2021, and warning her "THAT HER FAILURE TO RESPOND TO TH[E DEFENDANT'S] MOTION [COULD] RESULT IN THE DISMISSAL OF HER CASE FOR FAILURE TO PROSECUTE." Docket Item 20. Brewster never filed a response, and on April 8, 2021, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the defendant's motion should be granted.[2] Docket Item 21.

---

[1] The Court assumes the reader's familiarity with the procedural history in this case, including the lengthy procedural history leading to its referral.

[2] The Court also assumes the reader's familiarity with Judge Schroeder's reasoning in the R&R, Docket Item 21.

Brewster served a self-styled "Response/Objection" to the R&R, Docket Item 23, and the defendant responded, Docket Item 22.[3]  Brewster did not reply, and the time to do so has now passed.  She did, however, file a motion to appoint counsel, Docket Item 24, and a motion for leave to proceed *in forma pauperis*, Docket Item 25.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although Brewster calls her submission a "Response/Objection" and states that she is "submitting [an] objection, response, and summary of the goings on since 2016," her filing does not address the R&R.[4]  *See* Docket Item 23.  Instead, she summarizes the events and factual background underlying her claims.  *See id.* at 1-4.  She does not raise a single reason why this Court should not adopt the R&R, much less refer to any facts or case law to contest Judge Schroeder's findings.  *Id.*  In other words, Brewster's

---

[3] Brewster's "Response/Objection" was docketed on May 11, 2021, several days after the defendant's response, but it is dated April 24, 2021.  *See* Docket Items 22 and 23.  Regardless of whether Brewster's submission was filed timely or correctly, the Court accepts and considers it.

[4] Brewster does point out that the caption in the R&R incorrectly reads "Calla Brewster – Plaintiff v. Thomas Brewster – Defendant."  Docket Item 23 at 1; *see also* Docket Item 21 at 1.  Federal Rule of Civil Procedure 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Accordingly, the Court notes the mistake in the R&R and uses the correct caption in this order.

filing does not constitute an objection to the R&R.  *Compare id.*, *with* W.D.N.Y. Local R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.").

Although not required to do so in light of the above, this Court has, in fact, carefully and thoroughly reviewed the R&R; the record in this case; the plaintiff's "Response/Objection" and the defendant's response; and the materials submitted to Judge Schroeder.  Based on that *de novo* review, the Court substantively accepts and adopts Judge Schroeder's recommendation to grant the defendant's motion.

For the reasons stated above and in the R&R, the defendant's motion to dismiss for lack of prosecution, Docket Item 19, is GRANTED.  Brewster's motions to appoint counsel, Docket Item 24, and to proceed *in forma pauperis*, Docket Item 25 are DENIED as moot.  This action is dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and the Clerk of the Court shall close the file.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). Brewster must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   July 22, 2021
         Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE